IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| DEVONNE UDELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 321-016 |
| | ) |
| VANCE LAUGHLIN; | ) |
| LUTHER WILKELS; and | ) |
| EDWARD WILLIAMS, | ) |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Wilcox State Prison in Abbeville, Georgia, filed his amended complaint pursuant to 42 U.S.C. § 1983, regarding events alleged to have occurred at Wheeler Correctional Facility in Alamo, Georgia.  He is proceeding *pro se* and *in forma pauperis* ("IFP").  Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants.  Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.    SCREENING THE AMENDED COMPLAINT**

    **A.    BACKGROUND**

Plaintiff names the following Defendants:  (1) Vance Laughlin, Warden; (2) Luther Wilkels; and (3) Edward Williams.  (Doc. no. 7, pp. 2-4.)  Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Warden Laughlin is responsible for operation of Wheeler Correctional Facility and the welfare of its prisoners. (Id. at 6.) However, Warden Laughlin ignored the fact Plaintiff was assigned a bottom bunk profile from July 10, 2018 through July 10, 2019. (Id.) As a result, Plaintiff was forced to sleep in a top bunk and suffered irreparable harm when he fell and did not receive proper medical treatment from the medical department of the prison. (Id.) Defendant Wilkels refused to follow proper protocol for inmate falls from a top bunk and refused to properly check Plaintiff's medical file to confirm he had a bottom bunk profile. (Id.) Defendant Williams blatantly disregarded Plaintiff's bottom bunk profile by forcing Plaintiff to sleep in a top bunk despite Plaintiff producing his medical profile. (Id.) Due to Defendants' deliberate indifference of Plaintiff's medical needs, Plaintiff now walks with a cane and suffers from Spondylosis, also known as spinal osteoarthritis. (Id. at 7.) For relief, Plaintiff requests compensatory damages and "an order for [Plaintiff] to receive adequate medical treatment immediately." (Id.)

## B.  DISCUSSION

### 1.  Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Warden Laughlin

Plaintiff's complaint fails to state a claim against Warden Laughlin because he is attempting to hold him liable merely in light of his supervisory position. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of

*respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013).  Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*.  See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted).  Therefore, to hold these Defendants liable, Plaintiff must demonstrate that either (1) they actually participated in the alleged constitutional violation, or (2) there is a causal connection between their actions and the alleged constitutional violation.  See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).  Plaintiff does not allege Warden Laughlin participated in the decision to place him in a top bunk other than his conclusory allegation Warden Laughlin refused to make Defendants Wilkels and Williams aware of his medical needs.  (Doc. no. 7, p. 7.)  Thus, Plaintiff fails to state any facts suggesting Warden Laughlin actually participated in the alleged constitutional violations.

Therefore, Plaintiff must allege a causal connection between either Defendant and the asserted constitutional violation.  See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation).  The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to

4

do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)).  The standard for demonstrating "widespread abuse" is high.  In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences."  Brown, 906 F.2d at 671 (emphasis added).  A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff fails to allege facts sufficient to support the necessary causal connection. Nothing in his complaint indicates Warden Laughlin was responsible for a policy or custom resulting in a violation of Plaintiff's rights, and Plaintiff does not allege any facts to show he directed subordinates to act unlawfully or knew they would do so and failed to act in an appropriate manner.  Indeed, the complaint makes clear that Defendant Wilkels forced Plaintiff to sleep in a top bunk despite his medical profile, and Warden Laughlin neither participated in this decision nor influenced it by any custom or policy.  Therefore, Plaintiff fails to state a claim upon which relief can be granted.

### 3. Plaintiff Fails to State an Eighth Amendment Deliberate Indifference Claim Against Defendant Wilkels

To state a claim for deliberate indifference to serious medical needs, Plaintiff must allege:  (1) he had a serious medical need – the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was

caused by a defendant's wrongful conduct.  Goebert v. Lee Cty., 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010).

To satisfy the objective component, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)).  To satisfy the subjective component, Plaintiff must allege a defendant not only had (1) subjective knowledge of a risk of serious harm, but he or she also (2) disregarded that risk, (3) by conduct that is more than mere negligence.  See Melton v. Abston, 841 F.3d 1207, 1223 (11th Cir. 2016).

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment."  Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).  As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind."  Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.  In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference.  Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991).  Moreover, the Eleventh Circuit has consistently held that a mere difference of opinion

6

between an inmate and prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference. See Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010).

Plaintiff alleges Defendant Wilkels refused to follow proper protocol for inmate falls from a top bunk and refused to properly check Plaintiff's medical file to confirm he had a bottom bunk profile. (Doc. no. 7, p. 6.) Plaintiff does not allege Defendant Wilkels had direct knowledge of Plaintiff's bottom bunk profile and ordered Plaintiff to sleep in a top bunk in direct contravention of his profile. At most, Plaintiff's allegations describe negligence by Defendant Wilkels, not deliberate indifference. See Redding v. Georgia, 557 F. App'x 840, 844 (11th Cir. 2014) (affirming dismissal of Eighth Amendment claim where prisoner alleged prison officials denied him bottom bunk assignment despite having bottom bunk profile because conduct was not gross negligence); Faulkner v. Monroe Cty. Sheriff's Dep't, 523 F. App'x 696, 700 (11th Cir. 2013) (finding "[defendant's] failure to order a bottom-bunk pass for [plaintiff] did not rise above the level of mere negligence because there was no indication at the time of the denial that there was a risk of serious injury to [plaintiff] if he were not given a bottom-bunk pass."); Taylor v. Adams, 221 F.3d 1254, 1259 (11th Cir. 2000) ("[F]ailure to follow procedures does not, by itself, rise to the level of deliberate indifference because doing so is at most a form of negligence.").

As to Plaintiff's claim he did not receive proper medical treatment from the medical department of the prison, Plaintiff does not allege any facts as to the medical care provided. In addition, as explained by the Eleventh Circuit, the Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris, 941 F.2d at 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723,

7

726 (S.D. Ga. 1980) (Bowen, J.)).    In sum, Plaintiff's allegations against Defendant Wilkels fail to satisfy either the objective or subjective components of a deliberate indifference claim.

### 4.    Official Capacity Monetary Damages

Plaintiff states he is suing Defendants in their official capacities.  However, the Eleventh Amendment bars official capacity claims against state prison officials for money damages.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985).  Therefore, Plaintiff's official capacity claims against all Defendants for monetary relief fail as a matter of law and should be dismissed.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Warden Laughlin and Defendant Wilkels, along with all official capacity claims for money damages against all Defendants, be **DISMISSED** from this case.  By separate Order, the Court directs service of process on Defendant Williams based on Plaintiff's Eighth Amendment deliberate indifference claim.

SO REPORTED and RECOMMENDED this 25th day of May, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA